UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 10-1813-MMM (SP) | Date | February 16, 2012 |
| Title | DARYL JOHN PULLING v. SERGEANT ARREDONDO, et al. | | |

| | |
|---|---|
| Present: The Honorable | Sheri Pym, United States Magistrate Judge |

| Kimberly I. Carter | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**     **(In Chambers) Order to Show Cause Why Complaint Should Not Be Dismissed for Failure to Prosecute**

On December 20, 2010, plaintiff Daryl John Pulling, a California prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On January 18, 2011, the court issued a Minute Order, advising plaintiff that the court was screening the complaint and that further directions would follow. In paragraph 8 of that same Order, the court also instructed plaintiff: "It is plaintiff's responsibility to notify the court (and defendants or attorneys) of any change of address and the effective date. If plaintiff fails to keep the court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

'If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution.'"

Plaintiff has previously notified the court three times of changes to his mailing address. In plaintiff's most recent filing, his opposition to the motion to dismiss and strike, which plaintiff filed on October 12, 2011, his address remained that of the current address of record. On February 2, 2012, the court issued an Order Dismissing Complaint in Part with Leave to Amend, and on February 3, 2012 mailed that Order to plaintiff at his address of record, his place of incarceration in Banning, California. That mailing was returned to the court as undeliverable on February 13, 2012, with an indication that plaintiff is "Not In Custody."

It therefore appears that Plaintiff has failed to follow the court's Order to immediately notify the court of a change of address. Plaintiff's failure to comply with the court's Order, and failure to comply with Local Rule 41-6, renders this action subject

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1813-MMM (SP) | Date | February 16, 2012 |
|---|---|---|---|
| Title | DARYL JOHN PULLING v. SERGEANT ARREDONDO, et al. | | |

to dismissal for failure to comply with a court order and failure to prosecute.

Accordingly, within **fourteen (14)** days of the date of this Order, that is, by **March 1, 2012**, plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute and/or comply with a court order. Plaintiff is cautioned that his failure to timely file a response to this Order to Show Cause will be deemed by the court as consent to the dismissal of this action without prejudice.